# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Marion County Coal Resources, Inc.,**
**Employer Below, Petitioner**

**vs.)**     **No. 21-0942**     (BOR Appeal No. 2056710)
                                (Claim No. 2018004569)

**Terri Stansberry,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marion County Coal Resources, Inc. appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Respondent Terri Stansberry filed a timely response.[1] The issue on appeal is permanent partial disability. The claims administrator denied an additional permanent partial disability award, based upon a prior 8% award, on July 1, 2019. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its April 22, 2021, order, and granted respondent a 4% additional permanent partial disability award. The order was affirmed by the Board of Review on October 21, 2021. Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the Board of Review's decision is appropriate. *See* W. Va. R. App. P. 21.

On August 22, 2017, respondent, a coal miner, suffered thoracic and cervical sprains and injured her left shoulder when she was moving a rock from a belt by using a rake. Initially, respondent's compensable injuries included only her thoracic and cervical sprains. Respondent was seen by Prasadarao Mukkamala, M.D., for an independent medical evaluation on October 19, 2017. Dr. Mukkamala found that respondent was at maximum medical improvement but also recommended that she continue physical therapy for an additional two weeks. Dr. Mukkamala opined that respondent should be able to return to work on November 6, 2017. Regarding respondent's thoracic spine, Dr. Mukkamala found normal range of motion and gave respondent 0% impairment. Dr. Mukkamala determined that there was 9% impairment for respondent's loss of range of motion related to her cervical sprain. However, respondent's history and Dr. Mukkamala's physical findings placed respondent in Category II of the cervical impairment chart set forth as a part of West Virginia Code of State Rules § 85-20-1 (2004).[2] Therefore, Dr.

---

[1]Petitioner is represented by Aimee M. Stern, and respondent is represented by T. Colin Greene.

[2]For cervical conditions placed in Category II, the permissible impairment range is 5% to 8%.

Mukkamala adjusted his impairment rating from 9% to 8% impairment. Based upon Dr. Mukkamala's impairment rating, the claims administrator granted respondent an 8% permanent partial disability award on November 13, 2017.

On March 9, 2018, Dr. Mukkamala issued a supplemental report regarding the October 19, 2017, independent medical evaluation. Having reviewed MRI reports of respondent's thoracic and cervical spines, Dr. Mukkamala stated that those reports did not change his opinions about respondent's impairment.[3]

On September 25, 2018, the claims administrator acknowledged an order of the Office of Judges, dated September 7, 2018, finding that respondent's left shoulder was a compensable condition in the instant claim. Respondent subsequently underwent surgery on her left shoulder, during which a modified Mumford procedure was performed.

Following her left shoulder operation, respondent was seen again by Dr. Mukkamala for an independent medical evaluation on June 4, 2019. Dr. Mukkamala found that respondent was at maximum medical improvement but also recommended that she complete a course of work conditioning. Once the work conditioning was completed, Dr. Mukkamala opined that respondent could return to work on July 1, 2019. Dr. Mukkamala gave respondent 0% impairment for her thoracic sprain. For respondent's cervical sprain, Dr. Mukkamala found that there was 2% impairment due to loss of motion. Dr. Mukkamala determined that respondent's cervical injury had improved significantly from her first evaluation with him. Therefore, as a result of respondent's second evaluation with Dr. Mukkamala, he placed respondent in Category I of the cervical impairment chart set forth as a part of West Virginia Code of State Rules § 85-20-1 (2004).[4] Consistent with that new placement, Dr. Mukkamala adjusted his impairment rating from 2% to 0% impairment for respondent's cervical spine. Finally, Dr. Mukkamala found that respondent had 1% impairment for her left shoulder. Even though respondent's left shoulder injury was not included as a compensable condition until after Dr. Mukkamala's first evaluation of respondent, Dr. Mukkamala stated that the 1% impairment he gave respondent for her left shoulder was included in the prior permanent partial disability award she was granted. On July 1, 2019, the claims administrator denied respondent an additional permanent partial disability award based upon the prior 8% award.

Respondent was seen by Karl C. Boone, D.C, for an independent medical evaluation on July 23, 2020. Similar to respondent's first evaluation with Dr. Mukkamala, Dr. Boone found that respondent had 0% impairment for her thoracic sprain but, with regard to respondent's cervical sprain, he placed her in Category II of the cervical impairment chart set forth as a part of W. Va. C.S.R. § 85-20-1 (2004). In addition, Dr. Boone indicated that the changes shown on the MRI of respondent's cervical spine were at least, in part, due to her compensable injury. Therefore, Dr.

---

[3]Dr. Mukkamala also corrected minor errors in his report, which are not relevant to the issue raised in petitioner's appeal.

[4]For cervical conditions placed in Category I, the permissible impairment range is 0%.

Boone determined that respondent had 11% impairment to her cervical spine. Consistent with respondent's placement in Category II, Dr. Boone adjusted his impairment rating from 11% to 8% impairment. For respondent's left shoulder, Dr. Boone gave respondent 4% impairment based upon the loss of motion. Therefore, Dr. Boone's overall impairment rating for respondent was 12%.

In its April 22, 2021, Order, the Office of Judges reversed the claims administrator's denial of an additional permanent partial disability award. The Office of Judges determined that while Dr. Mukkamala was more qualified than Dr. Boone, Dr. Mukkamala's second impairment rating for respondent was less persuasive than Dr. Boone's impairment rating because (1) Dr. Mukkamala failed to clearly explain the basis for his placement of respondent in Cervical Category I, after he placed respondent in Cervical Category II during his first evaluation of her, despite still finding loss of motion in the cervical spine; and (2) while Dr. Mukkamala opined that the previous permanent disability award included the 1% impairment he gave respondent for her left shoulder injury, that injury was not included as a compensable condition at the time of the prior award. Therefore, based upon Dr. Boone's report, the Office of Judges found that respondent proved by a preponderance of the evidence that she had 4% impairment for her left shoulder injury—a condition not held as compensable until after the prior 8% permanent partial disability award. On October 21, 2021, the Board of Review adopted the Office of Judges's findings and affirmed its order reversing the claims administrator's order to grant respondent a 4% additional permanent partial disability award.[5]

This Court may not reweigh the evidentiary record, but must give deference to the findings, reasoning, and conclusions of the Board of Review, and when the Board's decision effectively represents a reversal of a prior ruling of either the Workers' Compensation Commission or the Office of Judges, we may reverse or modify that decision only if it is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board's findings, reasoning, and conclusions, there is insufficient support to sustain the decision. *See* W. Va. Code §§ 23-5-15(c) & (e). We apply a de novo standard of review to questions of law. *See Justice v. W. Va. Off. of Ins. Comm'n*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012).

After review, we find no error in the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. West Virginia Code § 23-4-1g(a) provides, in pertinent part, that when determining the amount of an award:

> [R]esolution of any issue . . . shall be based on a weighing of all evidence pertaining to the issue and a finding that a preponderance of the evidence supports the chosen manner of resolution. The process of weighing evidence shall include, but not be limited to, an assessment of the relevance, credibility, materiality and reliability

---

[5]In adopting the Office of Judges's findings, the Board of Review corrected two typographical errors in the Office of Judges's order.

that the evidence possesses in the context of the issue presented. Under no circumstances will an issue be resolved by allowing certain evidence to be dispositive simply because it is reliable and is most favorable to a party's interests or position. If, after weighing all of the evidence regarding an issue in which a claimant has an interest, there is a finding that an equal amount of evidentiary weight exists favoring conflicting matters for resolution, the resolution that is most consistent with the claimant's position will be adopted.

*See* Syl. Pt. 2, *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016) ("Pursuant to W. Va. Code § 23-4-1g(a) (2003) (Repl. Vol. 2010), a claimant in a workers' compensation case must prove his or her claim for benefits by a preponderance of the evidence.") While petitioner seeks to have the claims administrator's denial of an additional permanent partial disability award reinstated, we find that the Office of Judges properly determined that respondent proved her entitlement to a 4% additional permanent partial disability award by a preponderance of the evidence.

Affirmed.

**ISSUED: September 14, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn